UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION: 22-CR-140 |
| VERSUS | JUDGE DARREL JAMES PAPILLION |
| JOSEPH SCHWARTZ | MAGISTRATE JUDGE MICHAEL B. NORTH |

## ORDER AND REASONS

Before the Court is a Motion to Quash Indictment filed by Defendant Joseph P. Schwartz, IV. R. Doc. 23. The Government opposes the motion. R. Doc. 26. For the reasons assigned below, Mr. Schwartz's motion is **DENIED**.

### BACKGROUND

On February 25, 2022, the Louisiana State Police arrested Mr. Schwartz in New Orleans and recovered a Glock 23 .40 caliber pistol in connection with his arrest. R. Doc. 26 at 2. Following Mr. Schwartz's arrest, the New Orleans Police Department's Scientific Criminal Investigation Division issued a firearm analysis report indicating the firearm contained an aftermarket auto sear that allowed the firearm to operate as a machinegun.[1] *Id.* at 2-3.

Thereafter, on July 7, 2022, a federal grand jury indicted Mr. Schwartz with one count of Possession of a Machinegun in violation of Title 18, United States Code, Section 922(o). R. Doc. 1 at 1. On April 7, 2023, Mr. Schwartz filed the instant motion to quash his indictment, arguing Section 922(o) is unconstitutional under the Supreme Court's 2022 decision in *New York Rifle and Pistol Ass'n v. Bruen*, 597 U.S. 1, 142 S.Ct. 2111 (2022).

---

[1] The parties do not appear to dispute the facts.

## LAW AND ANALYSIS

The Second Amendment to the United States Constitution provides: "[a] well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. AMEND. II.  "Like most rights, the right secured by the Second Amendment is not unlimited," and does not allow every person "to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." *District of Columbia v. Heller*, 554 U.S. 570, 626, 128 S.Ct. 2783 (2008).  In 2022, the Supreme Court revised the framework under which to analyze a Second Amendment challenge in *Bruen*.  597 U.S. 1, 142 S.Ct. 2111.  In its decision, the Supreme Court instructed that district courts are first to determine whether "the Second Amendment's plain text covers an individual's conduct." *Id.* at 17, 142 S.Ct. 2111.  If it does, it is presumed that the Constitution protects that conduct, and the Government is tasked with "demonstrat[ing] that the regulation is consistent with this Nation's historical tradition of firearm regulation."  *Id.*  "Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command.'"  *Id.* (quoting *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50 n.10, 81 S.Ct. 997 (1961)).  To carry this burden, the Government must point to "historical precedent from before, during, and even after the founding [that] evinces a comparable tradition of regulation."  *Bruen*, 597 U.S. at 27, 142 S.Ct. 2111 (internal citation omitted).  "[T]he Government need not identify a 'historical twin'—a historical analogue is sufficient."  *United States v. Simien*, 655 F.Supp.3d 540, 546 (W.D. Tex. 2023) (quoting *Bruen*, 597 U.S. at 30, 597 S.Ct. 2111).

"In the wake of the *Bruen* decision, criminal defendants across the country are challenging the constitutionality of federal firearms offenses codified in 18 U.S.C. § 922." *Simien*, 655 F.Supp.3d at 546.  At issue in this case is the constitutionality of Section 922(o), the statute under

which Mr. Schwartz was indicted, which makes it "unlawful for any person to transfer or possess a machinegun." 18 U.S.C. § 922(o). Mr. Schwartz insists Section 922(o) is unconstitutional on its face because there is no application of the law that could be constitutional and as applied to him specifically. Mr. Schwartz is not the first to challenge the legality of this statute, and as far as the Court is aware, every attack has so far been rejected.[2] After careful review of *Bruen* and the decisions analyzing Section 922(o) since *Bruen*, this Court holds Section 922(o) does not violate the Second Amendment facially or as it is applied to Mr. Schwartz.

I. Section 922(o) Is Not Facially Unconstitutional.

"[T]he Second Amendment extends, prima facie, to all instruments that constitute bearable arms, even those that were not in existence at the time of the founding." *Hollis v. Lynch*, 827 F.3d 436, 447 (5th Cir. 2016) (quoting *Heller*, 554 U.S. at 582, 128 S.Ct. 2783)). "There is no prima facie case, though, when the weapon is not one 'in common use at the time,' 'possessed at home,' and for 'lawful purposes like self-defense.'" *Hollis*, 827 F.3d at 447 (quoting *Heller*, 554 U.S. at 627, 624, 128 S.Ct. 2783). And "a firearm is not 'in common use' if it is 'dangerous and unusual.'" *Id.*

In *United States v. Miller*, the Supreme Court rejected a Second Amendment challenge to the indictment of two men for transporting an unregistered short-barrel shotgun in interstate commerce. 307 U.S. 174, 59 S.Ct. 816 (1939). The Supreme Court revisited this decision in *District of Columbia v. Heller*, explaining *Miller* stands for the proposition "that the Second

---

[2] *See, e.g., United States v. Lane*, 689 F.Supp.3d 232 (E.D. Va. 2023); *Simien*, 655 F.Supp.3d 540 (W.D. Tex. 2023); *United States v. Hernandez*, –F.Supp.3d–, No. 22-CR-122, 2024 WL 964213 (D. Del. Mar. 5, 2024); *United States v. Taylor*, No. 23-CR-129, 2024 WL 478041, at *2 n.1 (E.D. Va. Feb. 7, 2024); *United States v. Berger*, –F.Supp.3d–, No. 22-CR-33, 2024 WL 449247 (E.D. Pa. Feb. 6, 2024); *United States v. Hoover*, 635 F.Supp.3d 1305 (M.D. Fla. Oct. 18, 2022); *United States v. Kittson*, No. 21-CR-75, 2023 WL 5015812 (D. Or. Aug. 7, 2023); *United States v. Smith*, No. 23-CR-28, 2023 WL 6880423 (E.D. Ky. Oct. 18, 2023); *United States v. Kazmende*, No. 22-CR-236, 2023 WL 3872209 (N.D. Ga. May 17, 2023); *DeWilde v. United States*, No. 23-CV-3, 2023 WL 4884582 (D. Wy. July 17, 2023); *United States v. Cousar*, No. 23-CR-10004, 2024 WL 1406898 (D. Kan. Apr. 2, 2024); *United States v. Cooperman*, No. 22-CR-146, 2023 WL 4762710 (N.D. Ill. July 26, 2023).

Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes." 554 U.S. at 625, 128 S.Ct. 2783. The analysis in *Heller* "explicitly rejected a proposed reading of *Miller* that would render . . . restrictions on machineguns as unconstitutional." *Simien*, 655 F.Supp.3d at 553 (citing *Heller*, 554 U.S. at 624, 128 S.Ct. 2783).

Following *Heller*, a number of federal circuit courts, including the Fifth Circuit in *Hollis v. Lynch*, held machineguns "do not receive Second Amendment protection" because they "are dangerous and unusual and therefore not in common use." 827 F.3d at 447, 448, 451 (5th Cir. 2016). Mr. Schwartz argues *Hollis* is not fatal to his motion because in the years since *Hollis*, machineguns have spiked in popularity to the point that they are now considered in common use. Mr. Schwartz's argument is not novel. This argument has been raised in nearly every, if not every, post-*Bruen* attack on Section 922(o) and has been rejected in every instance of which the Court is aware. In addressing this exact argument, the Western District of Texas explained in *United States v. Simien* that the popularity of machineguns has "not meaningfully changed since [*Hollis*]." 655 F.Supp.3d at 553. The Court noted "[a]lthough the number of civilian-owned machineguns has increased to about 740,000, this amount—which is less than .2% of the total firearms in the United States—remains too insignificant for machineguns to be considered in common use." *Id.* This Court agrees with the *Simien* Court and the others across the country that have echoed this analysis. *DeWilde*, 2023 WL 4884582, at *7 (holding machineguns are outside of Second Amendment protections is "in line with every district court to address § 922(o) since *Bruen*"); *see United States v. Wilson*, No. 24-CR-27, 2024 WL 1144251, at *3 (N.D. Tex. Mar. 15, 2024); *see also United States v. Berger*, –F.Supp.3d–, No. 22-CR-33, 2024 WL 449247, at *10 (E.D. Pa. Feb. 6, 2024); *see also United States v. Bachmann*, No. 23-CR-304, 2024 WL 730489, at *2 (M.D. Fla. Feb. 22, 2024). Machineguns are not in common use today, just as they were not when the Fifth Circuit

4

decided *Hollis* and found them to be outside of the Second Amendment's protections. This binding precedent dooms Mr. Schwartz's facial attack on Section 922(o), and the success of Mr. Schwartz's motion will hinge on whether Section 922(o) is unconstitutional as applied to him.

    II.     *Section 922(o) Is Not Constitutional As-Applied to Mr. Schwartz.*

In support of his as-is attack, Mr. Schwartz argues that *Hollis* does not control the result in this case because *Hollis* involved a M16 assault rifle while this case involves a handgun, which Mr. Schwartz contends are in the common use. Mr. Schwartz acknowledges his handgun included a mechanism to make it operate as a machinegun, but argues the Second Amendment applies to "all instruments that constitute bearable arms," and, thus, determining the legality of a firearm with a conversion mechanism hinges on the second step of the *Bruen* analysis (whether there is a historical precedent of regulation) and not the first.

As a threshold matter, the Court rejects Mr. Schwartz's attempt to distinguish his case from *Hollis*. Indeed, the weapon for which Mr. Schwartz was indicted was a handgun and not an assault rifle like the firearm at issue in *Hollis*. However, Mr. Schwartz's firearm was fitted with an auto sear, converting the handgun into a machinegun. *See* 26 U.S.C. § 5845(b) ("The term 'machinegun'" includes "any part designed and intended solely and exclusively, or combination of parts designed and intended, *for use in converting a weapon into a machinegun*.") (emphasis added). That Mr. Schwartz's firearm was not originally designed to operate as a machinegun does not place it outside of the definition of a machinegun. *See Simien*, 655 F.Supp.3d at 552 ("Simien appears to argue that, because the firearms in his case were converted to machineguns but not originally machineguns, the statute is unconstitutional as applied to him. That is a distinction without a difference."); *see also United States v. Mitchell*, No. 24-CV-9, 2024 WL 2272275, at *5 (N.D. Ohio, May 20, 2024) ("[P]ost-*Bruen*, district courts have uniformly rejected constitutional

5

challenges to § 922(o) in cases involving possession of glock switches or similar conversion devices."). Accordingly, Mr. Schwartz's case is not meaningfully distinguishable from *Hollis*, rather *Hollis*'s binding holding—placing machineguns outside of the Second Amendment's protections—requires the denial of Mr. Schwartz's motion on this basis.

The Court likewise rejects Mr. Schwartz's argument that the determination of whether a firing mechanism places a handgun outside of the common use must be decided under the second *Bruen* prong. To find otherwise would simply be contrary to binding Supreme Court precedent. As explained above, "the Second Amendment extends, prima facie, to all instruments that constitute bearable arms." *Hollis*, 827 F.3d at 447 (quoting *Heller*, 554 U.S. at 582, 128 S.Ct. 2783). But "[t]here is no prima facie case . . . when the weapon is not one 'in common use at the time,'" and "a firearm is not 'in common use' if it is 'dangerous and unusual.'" *Id.* The determination of whether a firearm is in common use therefore necessarily falls under the first *Bruen* prong—whether the plain text of the Second Amendment covers the challenged regulation. *See United States v. Lane*, 689 F.Supp.3d 232, 250 (E.D. Va. 2023) (citing *Heller*, 554 U.S. at 627, 128 S.Ct. 2783) ("The Supreme Court has explained that a weapon is not 'in common use'—and thus the Second Amendment's plain text does not cover it—if the weapon is 'dangerous and unusual.'"). For the foregoing reasons, the Court finds that Mr. Schwartz's as-applied attack, like his facial attack, fails.[3]

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Mr. Schwartz's Motion to Quash Indictment (R. Doc. 23) is **DENIED**.

---

[3] Because Section 922(o) regulates conduct outside of the scope of the Second Amendment, the Court need not engage in an analysis of whether Section 922(o) is consistent with the Nation's historical tradition of firearms regulation.

**IT IS FURTHER ORDERED** that, pursuant to the time limitations set forth in the Speedy Trial Act, 18 U.S.C. § 3161, the pretrial conference in this matter is **SET** for **July 10, 2024, at 2:00 p.m.**, and the trial is **SET** for **July 15, 2024, at 9:00 a.m.**

New Orleans, Louisiana, this 1st day of July 2024.

*[signature]*
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**